UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERLIN JAMES HOWES,

    Plaintiff,

v.                                                Case No. 3:14cv320/LC/CJK

W. DYKES, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the court upon referral from the clerk. Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on July 3, 2014. (Doc. 1). Plaintiff then filed a "Motion for 'Correction of the U.S.D.C., Pensacola,'" (doc. 5), which the court construed as a request to amend the complaint (doc. 6). The court granted the motion and directed plaintiff to file an amended complaint. (Doc. 6). Plaintiff filed the amended complaint on November 24, 2014. (Doc. 11). After noting plaintiff's amended complaint lacked a Statement of Facts, the court informed plaintiff it would proceed to screening the original complaint if plaintiff failed to submit a second amended complaint with a Statement of Facts. (Doc. 12). Plaintiff did not submit the second amended complaint.

After reviewing plaintiff's original complaint, the undersigned recommends that: (1) plaintiff's claims against defendants Goldhagon and Foskey be dismissed for failure to state a claim; (2) plaintiff's Fourteenth Amendment claim against

defendants Dykes, White, and Norris be dismissed for failure to state a claim; and (3) plaintiff's Eighth Amendment claim against defendants Dykes, White, and Norris be referred to the undersigned for further proceedings.

BACKGROUND

Plaintiff's complaint names five employees of Santa Rosa Correctional Institution as defendants: W. Dykes, Walter White, Shawn Norris, Mark Goldhagon, and Herbert Foskey. (Doc. 1, p. 1-3). Plaintiff's complaint contains the following factual allegations. On April 16, 2013, Colonel White ordered correctional officers from G-dorm to pick up plaintiff from the infirmary. (*Id.*, p. 8). Despite the order, "some officers that were mad at [plaintiff] from F-dorm" came to pick plaintiff up at 4:30 p.m. (*Id.*). The officers escorted plaintiff to F-dorm; he remained there until 11:28 p.m. (*Id.*). Plaintiff was then readied for transport to G-dorm. (*Id.*). When plaintiff exited F-dorm's front door, Officer W. Dykes was standing outside. (*Id.*). Sergeant Shawn Norris was on plaintiff's left and Officer Walter White was on plaintiff's right. (*Id.*). Plaintiff was "black-[boxed and] waist-chained behind [his] back with shackles on[.]" (*Id.*). Plaintiff heard "shuffling feet [and] saw [and] felt the shackles being pulled [and] yanking almost breaking [his] right ankle[.]" (*Id.*). Plaintiff landed on the right side of his face. (*Id.*). Sgt. Norris kicked plaintiff twice, once on the left side of plaintiff's chin and once in the area of his left eye. (*Id.*). Officer White then "crushed [plaintiff's] nose with a couple of cheep [sic] shots to [the face] while Sgt. Norris did the rest of the damage[.]" (*Id.*). Because plaintiff's property and room were already set up in G-dorm, plaintiff alleges his transport to F-dorm from the infirmary "was all plainly a big set up for [him] to get brutally beaten." (*Id.*, p. 8-9). Plaintiff subsequently had reconstructive surgery on his face. (*Id.*, p. 9).

Based on the foregoing, plaintiff alleges the defendants violated his rights under the Eighth and Fourteenth Amendments. (*Id.*, p. 10). For relief, plaintiff requests $11,000,000 in damages. (*Id.*).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well-pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly

Case No. 3:14cv320/LC/CJK

give rise to an entitlement to relief.'" (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009))); *see also Randall v. Scott*, 610 F.3d 710, 709-10 (11th Cir. 2010) (holding that a district court determining whether to dismiss a complaint for failure to state a claim "shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570.

As an initial matter, plaintiff's complaint contains no allegations concerning defendants Goldhagon and Foskey. The thrust of plaintiff's complaint is that defendants Dykes, White, and Norris attacked plaintiff while he was being

transported between F-dorm and G-dorm.* Plaintiff has not, however, alleged defendants Goldhagon and Foskey were involved in the attack in any way. Plaintiff, therefore, has failed to state a claim against defendants Goldhagon and Foskey and the claims against these defendants are subject to dismissal.

In his statement of claims, plaintiff wrote "14th Const. Violation - Equal protection of the law [and] of life [and] liberty [and] deliberant [sic] indifference, negligence." (*Id.*, p. 10). To the extent plaintiff seeks to hold defendants Dykes, White, or Norris liable for an independent substantive due process violation, his claim fails. "Protection that the substantive prong of the Due Process Clause provides to convicted prisoners with regard to excessive force . . . overlaps with that same protection provided to these individuals by the Eighth Amendment." *Jordan v. Cobb Cnty., Ga.*, 227 F. Supp. 2d 1322, 1333 (N.D. Ga. 2001); *see also Whitley v. Albers*, 475 U.S. 312, 327, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) (citations and internal quotes omitted) ("It would indeed be surprising if, in the context of forceful prison security measures, conduct that shocks the conscience or afford[s] brutality the cloak of law, and so violates the Fourteenth Amendment, were not also punishment inconsistent with contemporary standards of decency and repugnant to the conscience of mankind, in violation of the Eighth."). Furthermore, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government conduct, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing the claims." *Crenshaw v. Lister*, Case No. 2:03cv134-FtM-29SPC, 2008 WL 151881 (M.D. Fla.

---

* Although plaintiff does not actually allege that defendant W. Dykes struck him during the incident on April 16, 2013, plaintiff may still attempt to hold Dykes liable under the Eighth Amendment based on Dykes' failure to protect plaintiff from the actions of White and Norris.

Case No. 3:14cv320/LC/CJK


Jan. 15, 2008) (*citing Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). Because the Eighth Amendment provides an explicit source of constitutional protection for convicted individuals, it controls the analysis of plaintiff's excessive force claim.

Plaintiff has also failed to allege an equal protection claim under the Fourteenth Amendment. The Equal Protection Clause requires the government to treat similarly situated people in a similar manner. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). To establish an equal protection violation, plaintiff must demonstrate that he is similarly situated to others who received more favorable treatment, and that his discriminatory treatment was based on some constitutionally protected interest, such as race. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). Plaintiff has not shown that defendants' alleged treatment of him was based on a constitutionally protected interest. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265, 97 S. Ct. 555, 563, 50 L. Ed. 2d 450 (1977) ("Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").

The Supreme Court has recognized "class of one" equal protection claims where a plaintiff asserts that he was irrationally discriminated against on an individual basis, rather than as a member of a particular group. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000). A plaintiff can establish a "class of one" claim by showing that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564. "To be 'similarly situated,' the comparators must be *prima facie* identical in all relevant respects." *Grider v. City of Auburn, Ala.*, 618

F.3d 1240,1264 (11th Cir. 2010) (quotation and emphasis omitted). Plaintiff fails, however, to identify any similarly situated individual who was treated differently from him. As noted earlier, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C § 1983. A bare allegation of mistreatment does not raise an equal protection claim. Thus, plaintiff's complaint states no constitutional violation of his right to equal protection. *See Novak v. Cobb County-Kennestone Hospital Authority*, 849 F. Supp. 1559, 1572 (N.D. Ga. 1994).

The complaint involves a rather straightforward narrative which, if true, shows that defendants Dykes, White, and Norris violated plaintiff's rights under the Eighth Amendment by using excessive force on plaintiff during his transfer between different areas of the prison. The undersigned recommends, therefore, that all of plaintiff's claims be dismissed except for his Eighth Amendment claim against defendants Dykes, White, and Norris.

Accordingly, it is ORDERED:

1. The clerk shall change the docket to reflect that the correct name of the defendant is "W. Dykes."

2. The clerk shall update plaintiff's current address to: Florida State Prison, 7819 N.W. 228th Street, Raiford, Florida 32026. The clerk shall mail a copy of this Report and Recommendation to plaintiff at that address.

And it is respectfully RECOMMENDED:

1. That plaintiff's claims against defendants Goldhagon and Foskey be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim.

2. That plaintiff's Fourteenth Amendment claim against defendants Dykes, White, and Norris be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim.

3. That this matter be referred to the undersigned for further proceedings on plaintiff's Eighth Amendment claim against defendants White, Dykes, and Norris.

At Pensacola, Florida, this 27th day of October, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:14cv320/LC/CJK